### Crumpton v. Demunbrun.

(Decided May 21, 1912.)

### Appeal from Edmonson Circuit Court.

Land—Contingent Remainder.—Where A. conveyed land to B. for the life of A., provided that B. performed certain conditions mentioned in the deed or else forfeit the estate to A., and further provided that after the death of A. the land should go to C., C. took a contingent remainder that depended upon the performance by

B. of the conditions imposed upon him. And when as a conse-
quence of the failure of B. to perform the conditions imposed, he
forfeited the estate for life or for any cause surrendered it the
estate in remainder likewise terminated.

LOGAN & HAZELIP for appellant.

SIMS & RODES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In September, 1874, Jesse Emerson and his wife, Rebecca, conveyed to their son, Thomas Emerson, a tract of land, in consideration of Thomas Emerson "agreeing to take care of the grantors as long as they lived and to provide them with clothing and medical attention." The deed further provided that "if the said Thomas Emerson shall fail to comply with the stipulations of this deed in taking care of and providing properly for the said Jesse Emerson and Rebecca Emerson, and their infant children; and that the said Thomas Emerson is not to marry any woman of a disreputable character to bring into the house with them, but shall before marrying consult with the said Jesse Emerson and obtain his consent to said marriage, and should the said Thomas Emerson violate the conditions of this contract, the same is to become null and void." It was further provided in the deed that at the death of Jesse and Rebecca Emerson "that the land is to be equally divided between all their children."

After this deed was executed, and in 1874 or 1875, Jesse and Thomas Emerson exchanged the land mentioned in this deed with C. P. Woolsey for a tract of land owned by Woolsey, and executed to him a deed conveying the land. After the death of Jesse Emerson, and in 1878, Thomas Emerson and Rebecca Emerson, the widow of Jesse Emerson, made another deed conveying this land to Woolsey, and from the date of the first deed to Woolsey the land conveyed to him has remained in the exclusive possession of Woolsey and his vendees, coming, by regular conveyance to the appellee, Demunbrun, who now owns it. In 1910 the appellant, C. C. Crumpton, a grandchild of Jesse Emerson, suing on behalf of himself and the other heirs at law of Jesse Emerson, brought this action against Demunbrun for a recovery of the land, conveyed by Jesse and Rebecca Emerson to Thomas Emerson and its division among

the heirs of Jesse Emerson. The suit was brought upon the theory that by the deed Jesse Emerson conveyed to Thomas Emerson a life estate in the land with a vested estate in remainder in the children and heirs at law of Jesse and Rebecca. The answer set up various defenses, among them the one that Thomas had forfeited his right to the estate by a breach of the conditions in the deed or had surrendered his life estate and thereupon the title revested in Jesse Emerson. Upon hearing the case, the lower court dismissed the petition and the plaintiff appeals.

It is doubtful if the words in the deed of Jesse and Rebecca Emerson to Thomas Emerson that "at their death said land is to be equally divided between all their children" conferred upon the children of Jesse and Rebecca Emerson any estate of any kind or character. But, without looking into this feature further, it is very plain that if it conveyed any estate in remainder, it was contingent and not a vested estate. If we should assume that under this deed Thomas Emerson took an estate for the life of Jesse and Rebecca Emerson, with the remainder to their children, the estate that Thomas Emerson took was a contingent estate, depending upon his performance of the conditions imposed upon him by the deed. If he committed a breach of these conditions then in the language of the deed it was "to become null and void." It was not intended by the grantors that the remainder estate should live after the life estate terminated by the failure of Thomas Emerson to discharge the obligations he assumed. Whether or not the remaindermen took an estate depended upon the fulfillment by Thomas Emerson of the conditions he undertook to perform. In other words, the existence of the remainder depended upon the existence of the particular estate. If the particular estate was forfeited or surrendered, then the remainder estate ended with it. Aside from the conveyance to Woolsey there are other convincing facts in the record that show that neither Thomas nor Jesse regarded this deed as conferring any interest in remainder. But, putting aside the other evidence showing that the parties to this deed did not consider that any remainder interest was conveyed, we think the conveyance by Jesse and Rebecca and Thomas Emerson to Woolsey in 1874 or 1875 may be treated as an agreement upon the part of Thomas Emerson to surren-

der the estate devised in him by this deed. This conveyance shows that Thomas Emerson did not perform the conditions by which he was to take and hold the estate for life or that he wished to abandon the estate and hence, it was agreed that he should surrender it, which was done by the conveyance to Woolsey. This conveyance to Woolsey terminated the interest that Thomas Emerson had in the land, and likewise ended the contingent remainder, if any, existing. This being so, the appellant had no cause of action against the appellee, and the judgment dismissing his petition is affirmed.